[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for the dissolution of the parties' 28 year marriage.
The plaintiff was present in court and was represented by counsel. The defendant was present and represented herself pro se.
The only testimony offered was that of the plaintiff. The defendant elected not to offer any evidence or testimony including her own. She refused to testify when called as a witness by the plaintiff.
After hearing the plaintiff's offer of proof as to CT Page 10483 what he had hoped to illicit from the defendant had she been ordered to take the stand, the court found that the prejudice to the plaintiff, if any, as a result of the defendant's failure to testify was not sufficient to warrant an order of this court that the defendant either take the stand and testify or be held in contempt for her failure to do so.
This ruling was based, in part, upon the defendant's representation on the record that she did not intend to offer any evidence or testimony to either substantiate the allegations contained in her cross-complaint or to refute the plaintiff's testimony. The defendant indicated that she was prepared to proceed to judgment.
Having heard the plaintiff's testimony, the court makes the following findings and conclusions.
The parties were married at Ann Arbor, Michigan on July 30, 1965.
There are no minor children issue of the marriage. One son was born to the wife issue of the marriage, however he is no longer a minor and is emancipated.
The plaintiff has resided in the state of Connecticut for at least twelve months before commencing this action.
The marriage of the parties has broken down irretrievably without any hope of reconciliation.
The plaintiff is presently employed by the Town of Glastonbury as Town Clerk. His current gross weekly income is found to be $1022.00, which, when reduced by allowable deductions provides a net weekly income of $644.00
The plaintiff, together with the defendant, owns five pieces of real property having a value of approximately $424,000.00, and each of them enjoys an equity of approximately $174,100.00 in that property. They also jointly own $900.00 in stocks and $3500.00 in bank accounts.
The plaintiff also owns a $26,800.00 IRA which he CT Page 10484 claims to be worth $17,688.00 after taxes. In addition, he owns two pensions totalling $50,500.00, which he claims to be worth $33,230 after taxes.
He also lists on his financial affidavit a share of his mother's estate but attributes no specific value to it.
The defendant is approximately 48 years of age. She is a college graduate with degrees in drama and science. According to the unrefuted testimony offered by the plaintiff, the defendant has acted as general contractor for at least four homes built during the marriage including the marital residence. She has owned and operated D E Builders. She has held a real estate license and has been a newspaper writer and has had her own writing published. She has applied for and has been granted at least one patent and has brought suit to enjoin the election of Governor Lowell Weicker.
In March, 1992, the defendant filed an 11 page cross complaint containing 74 numbered paragraphs in the instant action.
The defendant filed a financial affidavit at the time of trial listing as her assets "1/2 joint property income on his affidavit." It also lists her current net weekly income as $40.88 as library assistant for the Town of West Hartford.
The court notes the pro se appearance of the defendant and her unusual decision to offer no evidence or testimony to either refute the claims of the plaintiff or to establish the claims set forth in her own cross complaint.
The court further notes that the defendant was present at all times during the trial, including the time of the plaintiff's testimony and evidence.
Having made the above findings, the court enters the following orders.
The court orders that the marital residence located at 340 Tall Timbers Road, Glastonbury, Connecticut be listed for sale at a price of $220,000.00. An offer to CT Page 10485 purchase for $210,000.00 shall be acceptable to the court. The court hereby retains jurisdiction over the final sale of the aforementioned marital residence in the event of a failure to sell the property within five months of the effective date of this judgment.
The net proceeds from the sale of the marital residence shall be divided equally between the plaintiff and defendant, after payment of mortgage balance, taxes, sales commissions and any other related expenditures.
The plaintiff is awarded the real property known the English Hill Condominium and the parties' undeveloped lot located in South Kingston, Rhode Island. The defendant is ordered to convey by deed her right, title and interest in and to said properties within 90 days after the effective date of this judgment.
The plaintiff is awarded the following personal property — all stocks owned by the parties, the policy of insurance on his life and the 1987 Ford Escort automobile.
The plaintiff is also awarded the proceeds of the IRA listed on his July 16, 1992 financial affidavit in the amount of $26,800.00.
The plaintiff is ordered to pay any outstanding balance owed to Brown University incurred for the benefit of the parties' legally emancipated son, and he is to hold the defendant harmless as to any such debt.
The plaintiff is also awarded one-half of the personal effects and contents of the marital home including the oil painting of the plaintiff's mother.
The defendant is awarded the real property known as the Manchester Garden Condominium and the parcel of real property in Westerly, Rhode Island. The plaintiff is ordered to convey by deed his right, title and interest in and to said real property to the defendant within 90 days from the effective date of this judgment.
The defendant is also awarded the parties' joint savings account described as "w/ShearSon" on the plaintiff's financial affidavit of July 16, 1992. The CT Page 10486 defendant is also awarded the parties joint checking account in the amount of $2,000.00, as listed on the plaintiff's financial affidavit.
In addition, the defendant is awarded the following items of personal property as referenced in the plaintiff's "Proposed Orders" dated July 1992.
IRA valued at $15,000.00;
CD-IRA valued at $1500.00;
Savings in her name only valued at $16,000.00;
1989 Dodge Omni automobile valued at $4,000.00;
1986 Moped valued at $250.00;
 Unpublished manuscript, inactive building company, inactive secretarial company and patent rights;
 One-half of the parties' personal property and household goods.
The court orders the plaintiff to pay to the defendant alimony in the amount of $500.00 per month for one year from the effective date of this judgment.
Having made the foregoing findings and orders, the court enters a judgment that the marriage of the parties is dissolved and the parties are decreed to be single and unmarried.
By the Court,
Joseph W. Doherty, J.